## Ada Nieukirk Taylor, Appellee, v. Peoria, Bloomington and Champaign Traction Company et al., Appellants.

1. DAMAGES, § 203*—*when instruction calling special attention to disfigurement of plaintiff erroneous.* In an action for personal injuries, an instruction given for plaintiff calling special attention to the disfigurement of plaintiff in consequence as a basis for estimating damages, *held* erroneous.

2. DAMAGES, § 115*—*when verdict for personal injuries excessive.* Verdict for four thousand dollars for personal injuries sustained by plaintiff by being thrown from her seat due to collision while a passenger in a street car, *held* excessive, it not appearing that the injury was dangerous or serious.

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

PRETTYMAN, VELDE & PRETTYMAN, for appellants; GEORGE W. BURTON, of counsel.

JESSE BLACK, JR., and JAMES P. ST. CERNY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of trespass on the case brought by the appellee against the appellants to recover damages because of personal injury complained of. The declaration contained two counts which were substantially the same, and avers that the Peoria Railway Company and the Peoria, Bloomington & Champaign Traction Company, appellants herein, were using the same track from Peoria and thence across the bridge over the Illinois river, and thence eastward for about one-fourth of a mile across Farm creek bridge, to a switch where a junction was formed, where the cars of the Railway Company turn to the right, up Washington street, while the cars of the Traction Company keep to the left; that on the 4th day of September, 1911, at the city of Peoria the appellee boarded the car of the Railway Company for the purpose of being conveyed to East Peoria; that when the car she was riding on reached the said junction a certain passenger car of the Traction Company approached the said junction on its way to Peoria; that the appellants then and there so negligently, carelessly and recklessly drove and managed their said cars that the car of the said Traction Company ran into the car of the Railway Company on which appellee was riding as a passenger, and because of said collision between the said cars, appellee was thrown from her seat with great force and violence and was cut, bruised, wounded and disfigured.

Each of the appellants filed the plea of the general issue.

The cause was tried by the court and a jury and a

190 APPELLATE COURTS OF ILLINOIS.

Taylor v. Peoria, B. and C. Trac. Co., 184 Ill. App. 188.

verdict was rendered against both appellants jointly, in the sum of four thousand dollars. After overruling motion for a new trial, the court entered judgment upon the verdict. Each of the appellants joined in perfecting this appeal.

It is assigned as ground of error that instruction number 12, given on behalf of the appellee, was erroneous and should not have been given. Said instruction is as follows:

"You are further instructed that in determining the amount of damages the plaintiff is entitled to recover, if any, the jury have a right to, and should take into consideration all the facts and circumstances in evidence before them, the nature and extent of the plaintiff's physical injuries, if any, concerning which there is any evidence in the case, her suffering in body and mind, if any, resulting from such injuries, her physical disfigurement, if any is shown, resulting from such injuries, and also her prospective suffering and loss of health, if any, as the jury may believe from the evidence before them in this case the plaintiff has sustained or will sustain by reason of such injuries, and it will be proper for the jury to consider the effect of the injuries, if any, in the future upon the plaintiff and her ability to attend to her affairs generally in pursuing her ordinary occupation, if the evidence shows that it will be affected in the future, and all damages, if any, present and future, which from the evidence can be treated as the necessary and direct result of the injuries complained of."

We are inclined to the opinion that this instruction is erroneous. It called special attention to the disfigurement of the appellee in consequence of the injury as a basis for estimating her damages. Instructions of this character have frequently been condemned. *Chicago City Ry. Co. v. Schaefer,* 121 Ill. App. 334.

In *Lake Street El. R. Co. v. Gormley,* 108 Ill. App. 59, it was said: "The marring of personal appearance

and humiliation resulting from contemplation of bodily disfigurement are not elements entering into the computation of pecuniary damages for personal injuries.''

It is also insisted by appellant that the damages are excessive, and that, therefore, the judgment should be reversed. The injury complained of does not appear to be dangerous or serious. We are of the opinion the judgment, under all of the circumstances, is very excessive, but as the judgment is to be reversed for other reasons, we do not desire to discuss the evidence bearing upon the permanent character and extent of the injury.

For the reasons herein set forth, the judgment is reversed and the cause remanded.

*Reversed and remanded.*